UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| TOM FRANKLIN,<br><br>                Plaintiff,<br>   v.<br>PHILIP KRAMER,<br><br>                Defendant.<br>_____/ | No. C 12-06335 LB<br><br>**ORDER (1) DENYING WITHOUT PREJUDICE PLAINTIFF'S APPLICATION TO PROCEED** *IN FORMA PAUPERIS* **AND (2) DISMISSING WITHOUT PREJUDICE HIS COMPLAINT**<br><br>[Re: ECF Nos. 1, 3] |

**INTRODUCTION**

On December 13, 2012, plaintiff Tom Franklin filed a complaint and an application to proceed *in forma pauperis*. Complaint, ECF No. 1; IFP Application, ECF No. 3.[1] Mr. Franklin consented to the undersigned's jurisdiction on January 4, 2013. Consent (Plaintiff), ECF No. 8. For the reasons stated below, the court **DENIES WITHOUT PREJUDICE** Mr. Franklin's application to proceed *in forma pauperis* and **DISMISSES WITHOUT PREJUDICE** his complaint.[2]

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

[2] Because an unserved defendant is not a party under 28 U.S.C. § 636(c), and because Mr. Franklin has consented to the undersigned's jurisdiction, the court may rule on Mr. Franklin's IFP application and may dismiss his complaint. *See Ornelas v. De Frantz*, C 00-1067 JCS, 2000 WL 973684, at *2 n.2 (N.D. Cal. June 29, 2000) (citing *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995)); *cf. United States v. Real Property*, 135 F. 3d 1312, 1316 (9th Cir. 1997) (holding that the consent of an individual who was not a party was not a precondition to the magistrate judge's

**ANALYSIS**

**I. IFP APPLICATION**

Pursuant to 28 U.S.C. § 1915, a district court may authorize the commencement of a civil action *in forma pauperis* if it is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action. 28 U.S.C. § 1915(a)(1). Here, the IFP application that Mr. Franklin submitted is incomplete. For example, Mr. Franklin fails to tell the court how much he contributes to the support of his spouse or dependants (Question 4), whether he owns or is buying a home (Question 5), whether he has a bank account or owns any cash of other assets (Question 7), or what his monthly expenses and debts are (Questions 8 and 9). He also does not provide his spouse's income information (Question 3), and the amount he provided for his own income (Question 2) is illegible. Lastly, Mr. Franklin does not state whether his complaint raises claims that have been presented in other lawsuits (Question 10). Without this information, the court is unable to determine whether Mr. Franklin is able to pay the filing fee. That said, the court also cannot at this time say that he can pay it, either. Accordingly, the court **DENIES WITHOUT PREJUDICE** Mr. Franklin's application to proceed *in forma pauperis*.

**B. *SUA SPONTE* SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)**

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Section 1915(e)(2) mandates that the court reviewing an *in forma pauperis* complaint make and rule on its own motion to dismiss before directing that the complaint be served by the United States Marshal pursuant to Federal Rule of Civil Procedure ("Rule") 4(c)(2). *Lopez*, 203 F.3d at 1127; *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that the language of § 1915(e) (2)(B)(ii) parallels the language of

---

jurisdiction).

1  Federal Rule of Civil Procedure (Rule) 12(b)(6)."). As the United States Supreme Court has
2  explained, "[the in forma pauperis statute] is designed largely to discourage the filing of, and waste
3  of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate
4  because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).

5  "Frivolousness" within the meaning of the *in forma pauperis* standard of 28 U.S.C. § 1915(d)
6  and failure to state a claim under Rule 12(b)(6) are distinct concepts. A complaint is "frivolous"
7  where it lacks an arguable basis either in law or in fact. *Id*. at 325 (definition of "frivolous . . .
8  embraces not only the arguable legal conclusion, but also the fanciful factual allegation"). When
9  determining whether to dismiss a complaint as "frivolous" under 28 U.S.C. § 1915(e)(2)(B)(i), the
10 court has "'the unusual power to pierce the veil of the complaint's factual allegations,'" meaning
11 that the Court "is not bound, as it usually is when making a determination based solely on the
12 pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*,
13 504 U.S. 25, 32 (1992) (quoting *Nietzke*, 490 U.S. at 327). Further, the Ninth Circuit has expressly
14 held that frivolous litigation "is not limited to cases in which a legal claim is entirely without merit .
15 . . . [A] person with a measured legitimate claim may cross the line into frivolous litigation by
16 asserting facts that are grossly exaggerated or totally false." *Molski v. Evergreen Dynasty Corp.*,
17 500 F.3d 1047, 1060–61 (9th Cir. 2007).

18 The court may also dismiss a complaint *sua sponte* under Rule 12(b)(6). *Sparling v. Hoffman*
19 *Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988). Under Rule 12(b)(6), a district court must dismiss a
20 complaint if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a
21 complaint include a "short and plain statement" showing the plaintiff is entitled to relief. "To
22 survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to
23 state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937,
24 1949 (2009) (internal quotation marks omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544,
25 570 (2007). The complaint need not contain detailed factual allegations, but the plaintiff must
26 "provide the 'grounds' of his 'entitle[ment]' to relief," which "requires more than labels and
27 conclusions," and merely "a formulaic recitation of the elements of a cause of action" is insufficient.
28 *Iqbal*, 129 S.Ct. at 1949; *see also Twombly*, 550 U.S. at 555.

In determining whether to dismiss a complaint under 12(b)(6), the Court is ordinarily limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). The factual allegations pled in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). However, the Court cannot assume that "the [plaintiff] can prove facts which [he or she] has not alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citation omitted).

When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130.

Here, Mr. Franklin has filed a "complaint based upon personal injury," Complaint, ECF No. 1 at 1, but it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Iqbal*, 129 S.Ct. at 1949. For one, it is unclear who he has sued. The name "Philip Kramer" is the only defendant named in the caption of his complaint (and in the caption of IFP application), but "Philip Kramer" appears nowhere else at all in the complaint. *See generally* Complaint, ECF No. 1. This is confusing because the fourth paragraph of his complaint states: "Defendant is Tarrant County Appraisal Board is a conglomerate and a subsidiary and their address is: Calabasas Road Suite 2010 Calabasas, California." *Id*. at 1. The remainder of his complaint, which consists of only a few sentences, refers to "Defendant" and does not specify who this "Defendant" is.

But even if the Defendant was clear, the allegations are clearly insufficient. In paragraph 1, Mr. Franklin alleges that "[t]his is a civil action seeking damages against the Defendant for committing legal fraud and discrimination." *Id*. In paragraph 2, he alleges that "[t]he court has jurisdiction [over] severe violations of discrim[in]ation and legal fraud." *Id*. Paragraphs 3 and 4 contain descriptions of Plaintiff (Mr. Franklin) and Defendant (Tarrant County Appraisal Board). *Id*. In

**UNITED STATES DISTRICT COURT**
For the Northern District of California

paragraph 5, which is "Count Number 1," Mr. Franklin alleges that "[t]he Defendant in an arbitrary and capricious way have continue [sic] to d[e]fraud the Plaintiff." *Id*. at 2. In paragraph 6, which is "Count Number 2," he alleges that "[t]he Defendant is in serious violation[] of state and federal laws [and] are violating []state and federal fraud laws concernin[g] housing." *Id*. This is the totality of Mr. Franklin's allegations. He clearly has not "provide[d] the 'grounds' of his 'entitle[ment]' to relief," as he is required to do. *Iqbal*, 129 S.Ct. at 1949. Still, given the lack of allegations, the court cannot say that he cannot successfully amend his complaint to do so. Accordingly, the court **DISMISSES WITHOUT PREJUDICE** Mr. Franklin's complaint. He may file a First Amended Complaint within 30 days from the date of this order.

## CONCLUSION

Based on the foregoing, the court **DENIES WITHOUT PREJUDICE** Mr. Franklin's IFP Application and **DISMISSES WITHOUT PREJUDICE** his complaint. Mr. Franklin may file a First Amended Complaint within 30 days from the date of this order, and he may file another IFP application as well.

**IT IS SO ORDERED.**

Dated: January 8, 2013

_____
LAUREL BEELER
United States Magistrate Judge