UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| TOM FRANKLIN, | No. C 12-06335 LB |
| Plaintiff, | **ORDER DISMISSING PLAINTIFF'S ACTION WITHOUT PREJUDICE** |
| v. | |
| PHILIP KRAMER, | [Re: ECF No. 9] |
| Defendant. | |

On December 13, 2012, plaintiff Tom Franklin filed a complaint and an application to proceed *in forma pauperis* ("IFP application"). Complaint, ECF No. 1; IFP Application, ECF No. 3.[1] Mr. Franklin consented to the undersigned's jurisdiction on January 4, 2013. Consent (Plaintiff), ECF No. 8. On January 8, 2013, the court denied without prejudice Mr. Franklin's IFP application because it was incomplete and dismissed without prejudice his complaint because it was, at best, clearly insufficient, and at worst, frivolous. *See* 1/8/2013 Order, ECF No. 9. In its order, the court gave Mr. Franklin until February 7, 2013 to file a First Amended Complaint and to file another IFP application. *See id.* at 5.

Mr. Franklin has done neither. Instead, on February 21, 2013, he filed a letter that is addressed to the Clerk of the Court that simply states: "I have been having a problem with getting the

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 12-06335 LB
ORDER

defendant comply with the judge[']s order." 2/21/2013 Letter, ECF No. 10.  This letter, obviously, is not a First Amended Complaint or an IFP application, and the letter also does not suggest that either of these documents are going to be filed.  Thus, the court must determine whether this action should be dismissed without prejudice for lack of prosecution.

A court may dismiss an action based on a party's failure to prosecute an action. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992).  In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the court weighs the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza,* 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik*, 963 F.2d at 1260-61); *Ghazali v. Moran,* 46 F.3d 52, 53 (9th Cir. 1995).  These factors are a guide and "are 'not a series of conditions precedent before the judge can do anything.' " *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Valley Eng'rs Inc. v. Elec. Eng'g Co.,* 158 F.3d 1051, 1057 (9th Cir. 1998)).  Dismissal is appropriate "where at least four factors support dismissal, . . . . or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte,* 138 F.3d 393, 399 (9th Cir. 1998) (quoting *Ferdik*, 963 F.2d at 1263).

Here, four factors favor support dismissal.  Mr. Franklin has not filed a First Amended Complaint, even though it already is about two weeks past the court's deadline for doing so.  This certainly is not "expeditious litigation," and the court must keep the cases on its docket moving.  There also is no risk of prejudice to the defendants (who have not been served), and the court already tried to move this case along by issuing an order that clearly explained to Mr. Franklin what he needed to do.

In sum, the court concludes that four of the five relevant factors weigh in favor of dismissal.  Accordingly, the court **DISMISSES** this action **WITHOUT PREJUDICE** for failure to prosecute.[2]

---

[2] Because an unserved defendant is not a party under 28 U.S.C. § 636(c), and because Mr. Franklin has consented to the undersigned's jurisdiction, the court may dismiss his complaint.  *See Ornelas v. De Frantz*, C 00-1067 JCS, 2000 WL 973684, at *2 n.2 (N.D. Cal. June 29, 2000) (citing

UNITED STATES DISTRICT COURT
For the Northern District of California

1   The Clerk of the Court shall close the file.

2   **IT IS SO ORDERED.**

3   Dated: February 25, 2013

4   _____
    LAUREL BEELER
    United States Magistrate Judge

---

27  *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995)); *cf. United States v. Real Property*, 135 F. 3d
28  1312, 1316 (9th Cir. 1997) (holding that the consent of an individual who was not a party was not a precondition to the magistrate judge's jurisdiction).

C 12-06335 LB
ORDER
3